UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-21507-Civ-COOKE/GOODMAN

SEOUL SEMICONDUCTOR CO., LTD.,
*a Korean corporation*, *et al.*,

      Plaintiffs,

vs.

SATCO PRODUCTS, INC.,

      Defendant.

_____/

### ORDER GRANTING MOTION TO TRANSFER VENUE

On April 19, 2019, Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd. sued Defendant Satco Products, Inc. for patent infringement. *See generally Complaint*, ECF No. 1. On June 5, 2019, Satco moved to transfer this case to the United States District Court for the Eastern District of New York. *Defendant Satco Products, Inc.'s Motion to Transfer Venue Under 28 U.S.C. 1404(a)*, ECF No. 11. Because the Court agrees with Satco that the convenience factors weigh in favor of transfer, the Court **GRANTS** Defendant's Motion and **TRANSFERS** this case to the Eastern District of New York.

#### FACTUAL BACKGROUND

Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd. (collectively "Seoul") are Korean corporations who manufacture and distribute LED lighting. *Compl.*, ¶¶ 1-2. From its headquarters in Brentwood, New York, Satco Products, Inc. also distributes LED lights. *Id.* ¶¶ 6-7. Brentwood lies within the territorial jurisdiction of the Eastern District of New York. The bulk of Satco's product development, marketing, and sales teams sit in Brentwood. *Decl. of Brian Brandes in Supp. of Def. Satco Products, Inc.'s Mot. to Transfer Venue Under 28 U.S.C. § 1404(a)* ¶¶ 7-8, ECF No. 11-1. Furthermore, Satco stores most of the documents relevant to this case at its headquarters in Brentwood. *Id.* ¶ 9.

Satco, however, maintains some connection to this judicial district. A Satco-affiliate named Glo Mar Corporation distributes Satco products from a warehouse in Miami,

Florida. *Id.* ¶ 11. Satco also lists the Florida warehouse on its website and in its consumer catalog. *Id.* ¶¶6-7. What's more, Satco and Glo Mar share a high-level corporate officer, William Gildin. *Decl. of Michael B. Eisenberg in Supp. of Pls.' Resp. Memo. in Opp. to Def.'s Mot. to Transfer Venue Under 28 U.S.C. § 1404(a)* ¶¶ 9-10, ECF No. 22-1. Gildin serves as Satco's CEO and Glo Mar's president. *Id.*

## LEGAL STANDARD

28 U.S.C. § 1404(a) governs motions to transfer and provides district courts with broad discretion to determine if transfer is appropriate. *See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir.1991). The transfer analysis has two parts. *Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1263 (S.D. Fla. 2013). *First*, courts determine whether a plaintiff could have brought the action in the transferee venue. *Id.* An action could have been brought "in any court that has subject-matter jurisdiction, where venue is proper, and where the defendant is amenable to process issuing out of the transferee court." *Carucel Investments, L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1223 (S.D. Fla. 2016).

*Second*, courts decide if transfer would further the twin goals of convenience and justice. *Osgood*, 934 F.2d at 1197. Nine factors guide this analysis: "(1) the convenience of the witnesses; (2) the location of documents and other sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the ability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Id.* (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).

## ANALYSIS

Transfer is appropriate here because Satco has proved both prongs of the transfer analysis. Satco contends that Seoul could have brought this action in the Eastern District of New York because Satco's headquarters and principal place of business lie within that

judicial district. The Court agrees and notes that the Eastern District of New York meets the requirements of jurisdiction, venue, and service of process.[1]

As for the second part of the analysis, the weight of the factors favor transfer. Most of the relevant witnesses and documents are in Brentwood.[2] Because neither party resides in this District but Satco resides in Brentwood, the Eastern District of New York provides more convenience to the parties. Additionally, the center-of-gravity in this case is Satco's headquarters in Brentwood, where it designed and developed the allegedly infringing product. *See Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (noting the weight of authority holds that "the center of gravity for a patent infringement case is where the accused product was designed and developed") (internal quotations and citations omitted). Even with the possibility of an increased time-to-trial in the Eastern District of New York, the factors pointing towards transfer clearly outweigh Seoul's choice of forum. This is especially true where a plaintiff files suit outside of its home forum.[3] *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 236 (1981) (opining that "when the plaintiff or real parties in interest are foreign…the plaintiff's choice deserves less deference").

## CONCLUSION

After considering the relevant factors, the Court finds that transfer would best serve the interests of justice. Accordingly, the Court **GRANTS** Satco's Motion (ECF No. 11) and Orders the Clerk to **TRANSFER** this case to the Eastern District of New York.

---

[1] Seoul does not meaningfully contest this element. *See generally Pls.' Resp. Memo. in Opp. to Def.'s Mot. to Transfer Venue Under 28 U.S.C. § 1404(a)*, ECF No. 22.

[2] Satco avers that "each of the employees having knowledge of information that is relevant to the claims in this action" reside in New York. *Brandes Decl.* ¶ 6. Though Satco does not address the location of potential third-party witnesses, nothing in the record suggests that these third-party witnesses would reside in this judicial district. The speculative existence of Florida-based witnesses does not outweigh the evidence of *actual* witnesses in New York.

[3] For the sake of completeness, the Court notes that the three remaining factors (ability to compel unwilling witnesses, relative means of the parties, and familiarity with governing law) are neutral and do not militate in either parties' favor.

**DONE and ORDERED** in chambers, Miami, Florida, this 31st day of July 2019.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*