

Nicholas A. Brown
Tel 415.655.1271
Fax 415.520.5609
brownn@gtlaw.com

March 19, 2020

**VIA ECF**

| | |
|---|---|
| The Honorable Margo K. Brodie<br>U.S. District Court, E.D. New York<br>225 Cadman Plaza East<br>Brooklyn, NY 11201 | The Honorable Gary R. Brown<br>U.S. District Court, E.D. New York<br>100 Federal Plaza<br>Central Islip, NY 11722-9014 |
| Magistrate Judge Steven L. Tiscione<br>U.S. District Court, E.D. New York<br>225 Cadman Plaza East<br>Brooklyn, NY 11201 | Magistrate Judge Steven M. Gold<br>U.S. District Court, E.D. New York<br>225 Cadman Plaza East<br>Brooklyn, NY 11201 |

Re: *Seoul Semiconductor Co., Ltd., et al. v. Satco Products, Inc.*, 1:19-cv-06719-MKB-SLT
  *Seoul Semiconductor Co., Ltd., et al. v. Satco Products, Inc.*, 2:19-cv-04951-GRB-SMG

Dear Judges:

Plaintiffs Seoul Semiconductor Co., Ltd, and Seoul Viosys Co., Ltd. (collectively, "Seoul") and Defendant Satco Products, Inc. ("Satco") hereby jointly request that Case No. 1:19-cv-06719-MKB-SLT ("the Second Action") be reassigned to the same sets of judges who are assigned to Case No. 2:19-cv-04951-GRB-SMG ("the First Action"). The First Action and the Second Action are patent infringement actions involving the identical parties and identical sets of counsel (collectively, the First and Second Actions are referred to herein as the "Cases").

All twenty of the asserted patents across the two cases (collectively, the "Asserted Patents") pertain to LED technologies, and there is substantial overlap across the cases in the specific types of technology involved. As a result, the Asserted Patents are asserted against overlapping products: the products identified as infringing in the complaint in the Second Action are also accused of infringement in the First Action. Taken together, the technical subject matter and the overlapping accused products will require the Court to consider substantially overlapping technical background information in both cases in order to understand and resolve the issues that are likely to be disputed at claim construction, in discovery, on summary judgment, and at trial. Additionally, the substantial overlap in technology and accused products means that the two cases are likely to involve legal issues that overlap, and that may in some instances be identical. For at

**Greenberg Traurig, LLP | Attorneys at Law**
Four Embarcadero Center  |  Suite 3000  |  San Francisco, CA 94111  |  T +1 415.655.1300  |  F +1 415.707.2010

www.gtlaw.com

least these principal reasons, which are discussed in more detail below, the parties believe that consolidation will promote judicial economy. The parties also jointly believe that scheduling of case events will be more efficient if the two cases are assigned to the same judge(s).

I. **ASSIGNMENT OF BOTH ACTIONS TO THE SAME JUDGE(S) WILL PROMOTE JUDICIAL ECONOMY**

On April 19, 2019, Seoul filed the First Action in the Southern District of Florida, which was subsequently transferred to the Eastern District of New York on August 29, 2019 (see Dkt. 4) and assigned to Judge Brown and Magistrate Judge Gold. The Second Action was filed on November 27, 2019.

A. **Overview Of The Twenty Asserted Patents**

In the First Action, there are eleven asserted patents, which can be roughly grouped as follows:

- Five patents generally relate to "chip"-level LED technologies, meaning that they involve technology used within LED chips.[1] For example, the '225 patent relates to an active layer of an LED chip that contains a "multi-quantum well structure" with particular characteristics,[2] and the '210 patent relates to a specific arrangement of layers in an LED chip.[3] The '435 patent concerns specific layers used to connect different light-emitting cells on a single LED chip.[4]

- Two patents relate generally to "package"-level technologies, meaning that they involve technology used in packaging LED chips.[5] For example, the '967 patent

---

[1] U.S. Patent Nos. 7,667,225, 8,860,331, 9,343,631, 9,627,435, and 9,716,210.
[2] U.S. Patent No. 7,667,225 at claim 1: "A light emitting device, comprising: … a multi-quantum well structure … at least one layer within the multi-quantum well structure comprising at least one carrier trap portion formed therein, the at least one carrier trap portion having a band-gap energy decreasing from a periphery of the carrier trap portion to a center of the carrier trap portion."
[3] U.S. Patent No. 9,716,210 at claim 1: "A light emitting diode, comprising … an active region … comprising a multi-quantum well structure … a superlattice layer … and a spacer layer."
[4] U.S. Patent No. 9,627,435 at claim 1: "1. A light emitting device, comprising… a second conductive material that … electrically connects the first light emitting cell and the second light emitting cell…"
[5] U.S. Patent Nos. 9,978,919 and 10,134,967.

      concerns a specific arrangement of the lead frames used in the package that encloses and protects an LED chip.[6]

- Four patents relate to other aspects of LED technology that can be loosely described as "circuit"-level technology.[7] For example, the '722 patent describes an LED driver circuit that includes "phase switches,"[8] and the '828 patent describes an LED driver circuit that includes a "dimming level detector."[9]

In the Second Action, there are nine asserted patents, all of which generally relate to "chip"-level LED technologies, meaning that they involve technology used within LED chips. For example, the '533 patent relates to a specific arrangement of "GaN-based light emitting elements" on an LED chip.[10] The '575 patent, the '020 patent and the '476 patent all relate at least in part to how light-emitting cells on an LED chip are interconnected.[11] The '868 patent concerns three specific layers in an LED chip to contain particular levels of magnesium.[12] And the '626 patent

---

[6] U.S. Patent No. 10,134,967 at claim 1: "A light-emitting device, comprising: a first lead frame and a second lead frame … a light-emitting diode chip disposed on the top surface of the first or second lead frame, wherein: each of the first lead frame and the second lead frame comprises a first undercut sidewall, a second undercut sidewall, and a third undercut sidewall that at least partially define a fixing space, the fixing space being formed by the undercut sidewalls of the first lead frame and the second lead frame…"

[7] U.S. Patent Nos. 7,081,722, 8,513,899, 8,716,946 and 9,807,828.

[8] U.S. Patent Nos. 7,081,722 at claim 15: "A driver circuit for driving light emitting diodes (LEDs) in multiphase, comprising… a plurality of phase switches…"

[9] U.S. Patent Nos. 7,081,722 at claim 1: "An LED lighting apparatus, comprising… an LED driving module … ; and a dimming level detector…"

[10] U.S. Patent Nos. 8,680,533 at claim 1: "A light emitting device, comprising: an insulating substrate; and two GaN-based light emitting elements spaced apart from each other and disposed on the insulating substrate…"

[11] U.S. Patent Nos. 8,901,575 at claim 12: "An AC light emitting diode comprising… *a wiring means electrically connecting ... the plurality of light emitting cells*"; U.S. Patent Nos. 8,299,476 at claim 1: "A nitride-based light emitting diode (LED) … comprising: a plurality of light emitting cells … *the plurality of light emitting cells being connected in series through metal wires*…"; U.S. Patent Nos. 7,768,020 at claim 1: "An alternating current (AC) light emitting diode, comprising… *wires connecting the light emitting cells to one another*…"

[12] "1. A semiconductor light emitting element, comprising… a first layer … having a first Mg concentration; a second layer … having a second Mg concentration higher than the first Mg concentration; and a third layer … having a third Mg concentration higher than the first Mg concentration and lower than the second Mg concentration"

**Greenberg Traurig, LLP | Attorneys at Law**
Four Embarcadero Center | Suite 3000 | San Francisco, CA 94111 | T +1 415.655.1300 | F +1 415.707.2010

www.gtlaw.com

March 19, 2020
Page 4

relates to a method of manufacturing an LED chip using a particularly configured "etching mask pattern."[13]

### B. The Actions Involve Substantially Overlapping Technology That Will Require The Court To Consider Substantially Overlapping Technical Information

The subject matter of the nine patents in the Second Action overlaps substantially with the subject matter of the five chip-level patents asserted in the First Action. For example, the First Action's '435 patent relates to layers used to connect different light-emitting cells on a single LED chip, and the Second Action's '575, '476, and '020 patents all also relate at least in part to how light-emitting cells on a single LED chip are interconnected. As another example, the First Action's '210 patent relates to an arrangement of particular kinds of layers in an LED chip, and the Second Action's '868 patent requires three layers in an LED chip to contain particular levels of magnesium.

For each of the above sets of technically related patents, the accused products and the evidence offered regarding infringement is likely to be similar. For example, the picture below left is offered in the Second Action as evidence of alleged infringement of the '575, '476, and '020 patents,[14] while the picture below right is offered in the First Action as evidence of alleged infringement of the '435 patent.[15]

 

Both images are scanning electron microscope ("SEM") images of LED chips within the accused Satco products.

---

[13] U.S. Patent Nos. 7,951,626 at claim 9: "A method of manufacturing a light emitting device, comprising: … forming an etching mask pattern …"
[14] Second Action Complaint at pp. 15, 16, 18.
[15] First Action, Seoul's Infringement Contentions, Exhibit G at p. 2.

**Greenberg Traurig, LLP | Attorneys at Law**

Four Embarcadero Center  |  Suite 3000  |  San Francisco, CA 94111  |  T +1 415.655.1300  |  F +1 415.707.2010

www.gtlaw.com

March 19, 2020
Page 5

As another example, the top set of images below is offered in the Second Action as evidence of alleged infringement of the '868 patent,[16] while the bottom set of images is offered in the First Action as evidence of alleged infringement of the '210 patent.[17]



All of these images are transmission electron microscope ("TEM") images of portions of the LED chips contained in accused Satco products.

In addition to overlapping technology, the two actions are likely to involve substantially overlapping products.  In the Second Action, the accused products have not yet been fully identified beyond the two exemplary products that are accused of infringement in Seoul's complaint.  However, both of the products thus far accused of infringement in the Second Action (the S9152 and the S9542) are also accused of infringement in the First Action (where the accused products have been identified in Seoul's Infringement Contentions).  And, it is likely that additional products accused of infringement in the Second Action will likewise overlap.

The substantial technical overlap described above means that evaluating many disputed issues will require the court to consider substantially overlapping if not identical background information.  This will apply to a wide range of issues that may be disputed.  Claim construction, for example, will involve very similar background information for the sets of technically-related

---

[16] Second Action Complaint at pp. 24-25.
[17] First Action, Seoul's Infringement Contentions, Exhibit H at pp. 2, 5.

March 19, 2020
Page 6

patents described above. The same may also apply to summary judgment motions, as well as to evidentiary disputes, which may involve the sorts of images shown above and how to interpret them. The need to consider technical background information may also apply to other more mundane disputes as well. For example, if the parties have discovery disputes about what sort of images or samples must be produced, this will likely require technical explanation about what the image is and why it is relevant to the issues in the case.[18]

### C. The Actions Will Likely Involve Substantially Overlapping Legal Issues

In addition to the above, the technical and product overlap between the First Action and the Second Action means that it is likely the cases will involve similar legal issues. In addition to the Court being likely to consider similar or identical background information while evaluating claim construction issues, the claim construction issues themselves may be very similar in technically-related patents. For example, in the First Action, for the '435 patent, the parties are currently discussing (and the Court is likely to address) construction of "light emitting cell." That same phrase also appears in the Second Action's '489, '098, '575, '476, and '020 patents. As another example, in the First Action, for the '210 patent, the parties are currently discussing (and the Court is likely to address) construction of the claim phrase "a spacer layer including a plurality of layers … *having a bandgap*[19] …" Similarly, in the Second Action, the constructions of certain claimed features of the "layers" in LED chips, such as in the '868 patent where there is a "first layer… *having a first Mg concentration*" as well as "second" and "third" layers that also have Mg concentrations, are likely to be addressed.[20] As third example, the terms "wire" or "wiring" appear in the independent claims of the Second Action's '575 patent, the '020 patent and the '476 patent,[21]

---

[18] The technical and product overlap also means that the documents and witnesses in the two cases are likely to be quite similar. For example, Satco expects that an identical set of Satco fact witnesses will be needed in both cases. For Seoul, there are at least 5 named inventors that overlap between the Cases and are listed on both parties' Initial Disclosures. That said, the overlap in witnesses and documents may not have as much impact on judicial economy as the overlapping technical subject matter discussed above, and overlapping legal issues discussed below.

[19] "Bandgap" is a technical term that refers to a property of material.

[20] "Mg concentration" is also a technical term that refers to a property of a material.

[21] U.S. Patent Nos. 8,901,575 at claim 12: "An AC light emitting diode comprising… *a wiring means electrically connecting … the plurality of light emitting cells*"; U.S. Patent Nos. 8,299,476 at claim 1: "A nitride-based light emitting diode (LED) … comprising: a plurality of light emitting cells … *the plurality of light emitting cells being connected in series through metal wires*…"; U.S. Patent Nos. 7,768,020 at claim 1: "An alternating current (AC) light emitting diode, comprising… *wires connecting the light emitting cells to one another*…"

Greenberg Traurig, LLP | Attorneys at Law
Four Embarcadero Center  |  Suite 3000  |  San Francisco, CA 94111  |  T +1 415.655.1300  |  F +1 415.707.2010
www.gtlaw.com

and the term "wire" also appears in claim 5 of the First Action's '435 patent.[22] There are other examples as well.

Beyond claim construction, it is possible that there will be identical legal issues related to damages in both cases. For example, Satco is not itself a manufacturer: it imports products that others manufacture abroad, primarily in China. The LED chips used in those products are generally provided by other suppliers one or more steps further down the supply chain. Disputes about which Satco sales and/or offers for sale count as having occurred in the United States are likely to be similar if not identical in both cases.

Finally, the parties jointly expect that there will be other similar or identical legal issues that will arise in both cases, but that have not been foreseen at this relatively early stage.

### D.     Reassignment Will Facilitate Consistent Scheduling

A final consideration that favors reassignment of both cases to the same judge(s) is that it will facilitate efficient scheduling and avoid the potential that would otherwise exist for conflicting dates in both cases. This seems particularly likely to be important given the large number of patents involved in the case, and the relative complexity of the technology involved. For example, the Court could potentially find it useful at some point to set up a sequence of hearings on some issues. This could allow presentation of a technical tutorial that is connected to a set of disputed issues. It might also be useful if it is not feasible to consider issues stemming from 9 or 11 patents in single hearing. Should the Court desire to sequence or coordinate hearings, they will likely be simpler to schedule if both cases are assigned to the same judge(s).

## II.     CONCLUSION

For the foregoing reasons, the parties believe that reassignment will promote judicial economy, and the parties therefore respectfully request that the Court grant their joint request to reassign.

| Date: March 19, 2020 | Respectfully submitted, |
|---|---|
| */s/ Michael Eisenberg* | */s/ Nicholas A. Brown* |
| Michael Eisenberg, Esq.<br>HOLLAND & KNIGHT LLP<br>31 West 52nd Street<br>New York, New York 10019 | Scott J. Bornstein<br>Joshua L. Raskin<br>Julie P. Bookbinder<br>Elana B. Araj |

---

[22] U.S. Patent No. 9,627,435 at claim 5: "… wherein the second conductive material comprises… *a wire* connecting the first semiconductor layer …"

**Greenberg Traurig, LLP | Attorneys at Law**

Four Embarcadero Center  |  Suite 3000  |  San Francisco, CA 94111  |  T +1 415.655.1300  |  F +1 415.707.2010

www.gtlaw.com

March 19, 2020
Page 8

| | |
|---|---|
| Tel: 212-513-3529<br>Fax: 212-385-9010<br>Michael.Eisenberg@hklaw.com | GREENBERG TRAURIG, LLP<br>200 Park Ave<br>New York, NY 10166<br>Telephone: (212) 801-9200<br>bornsteins@gtlaw.com<br>raskinj@gtlaw.com<br>bookbinderj@gtlaw.com<br>araje@gtlaw.com |
| Etai Lahav<br>RADULESCU LLP<br>350 Fifth Avenue, Suite 6910<br>New York, NY 10119<br>Tel: 646-502-5950<br>Fax: 646-502-5959<br>etai@radip.com<br><br>COUNSEL FOR PLAINTIFFS | Nicholas A. Brown *(admitted pro hac vice)*<br>GREENBERG TRAURIG, LLP<br>4 Embarcadero Ctr, Ste. 3000<br>San Francisco CA 94111-5983<br>Telephone: 415-655-1271<br>brownn@gtlaw.com<br><br>Of counsel:<br>Robert P. Lynn, Jr.<br>Stephen W. Livingston<br>LYNN GARTNER DUNNE, LLP<br>330 Old Country Road, Suite 103<br>Mineola, New York 11501<br>Telephone: (516) 742-6200<br>rplynn@lgdlaw.com<br>swlivingston@lgdlaw.com<br><br>COUNSEL FOR DEFENDANT |

**Greenberg Traurig, LLP | Attorneys at Law**
Four Embarcadero Center  |  Suite 3000  |  San Francisco, CA 94111  |  T +1 415.655.1300  |  F +1 415.707.2010
www.gtlaw.com