**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., a Korean Corporation, SEOUL VIOSYS CO., LTD., a Korean corporation, <br><br> Plaintiff, <br><br> -v- <br><br> SATCO PRODUCTS, INC., <br><br> Defendant. | C. A. No. 19-cv-4951 (GRB/SMG) |

**[PROPOSED] REVISED SCHEDULING ORDER**

1.      Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: November 18, 2019.

2.      If additional interrogatories beyond the 25 permitted under the federal rules are needed, the maximum number of: plaintiffs no additional interrogatories and defendant no additional interrogatories.

3.      Number of depositions by plaintiffs of: parties 10 non-parties 6.

4.      Number of depositions by defendant of: parties 6 non-parties 10, plus up to 39 inventor depositions.

5.      Date for completion of factual discovery: 75 days after the claim construction ruling.

6.      Number of expert witnesses of plaintiffs: 0 medical; 3 non-medical.

        Date for expert reports: reports with burden of proof 105 days after the claim construction ruling, rebuttal 135 days after the claim construction ruling.

7.      Number of expert witnesses of defendant: 3-6 non-medical.

        Date for expert reports: reports with burden of proof 105 days after the claim construction ruling, rebuttal 135 days after the claim construction ruling.

8.      Date for completion of expert discovery: 165 days after the claim construction ruling.

9.      Time for amendment of the pleadings by plaintiffs January 8, 2020 or by defendant January 8, 2020.

*ACTIVE 49511478v2*

10. Number of proposed additional parties to be joined by plaintiffs <u>0</u> and by defendant 0 and time for completion of joinder <u>January 8, 2020</u>.

11. Types of contemplated dispositive motions:
    plaintiffs: <u>Summary Judgment (infringement, validity)</u>;
    defendant: <u>Summary Judgment (noninfringement, invalidity)</u>.

12. Dates for filing contemplated dispositive motions:
    plaintiffs: <u>187 days after claim construction ruling</u>;
    defendant: <u>187 days after claim construction ruling</u>.

13. Have counsel reached any agreements regarding electronic discovery? If so, please describe at the initial conference.  (The parties are discussing the issue and expect to reach agreement.)

14. Have counsel reached any agreements regarding disclosure of experts' work papers (including drafts) and communications with experts? If so, please describe at the initial conference. (The parties agree to follow Rule 26(b)(4).)

15. Will the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. §636(c)? Yes ___ No <u>X</u>.

Local Patent Rule 2(i): the parties do not presently propose any modifications to the deadlines set forth in the Local Patent Rules and provide the below chart to summarize those deadlines.

Local Patent Rule 2(ii): the parties propose that, rather than identify every paragraph from the invalidity and/or infringement contentions related to a claim construction dispute as contemplated by Local Patent Rule 11, the parties may provide exemplary citations to one or more claim charts to the extent representative of the underlying issue.

At this time, the parties contemplate that to the extent either party relies on an expert in connection with claim construction, reliance upon said expert will take the form of declarations contemporaneous with the briefing schedule.  Each party reserves its right to take the deposition of the other party's expert in advance of its Responsive (in the case of Defendant) or Reply (in the case of Plaintiff) Claim Construction Brief.  The parties will meet and confer at the appropriate time to discuss the necessity of, and schedule for, said depositions.  The parties further contemplate that live testimony for experts at the Claim Construction Hearing will not be necessary.  Should a party determine that live testimony is necessary, that party will disclose its intent to call its witness and the terms for which testimony will be required at the time of the filing of Plaintiff's Reply Claim Construction Brief.

Local Patent Rule 2(iii): The parties agree that the infringement contentions and prior-art based invalidity contentions will include claim charts that identify the parties' contentions on an element-by-element basis, and that these claim charts will be served in accordance with the schedule jointly proposed below. Supplementation solely for the purpose of addressing an opponent's proposed claim constructions must be completed by the deadline for opening claim construction briefs. Supplementation solely for the purpose of

2

addressing a court-adopted construction different from that proposed by either party must be completed within 30 days of the claim construction ruling.

| Local Patent Rule Deadline | Joint Proposal |
| --- | --- |
| Parties to Exchange Constructions | Monday May 18, 2020 |
| Parties to Meet and Confer regarding Terms and Constructions | Tuesday May 26, 2020 |
| L.P.R. 11. Joint Claim Terms Chart | Tuesday June 2, 2020 |
| L.P.R. 12(a). Opening Claim Construction Brief | Thursday July 2, 2020 |
| L.P.R.12(b). Responsive Claim Construction Brief | Monday August 3, 2020 |
| L.P.R.12(c). Reply Claim Construction Brief | Monday August 17, 2020 |

**Signed this __ day of March, 2020**

_____
JUDGE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE

3