

Nicholas A. Brown
Tel 415.655.1271
Fax 415.520.5609
brownn@gtlaw.com

May 18, 2020

**VIA ECF**

Magistrate Judge Steven M. Gold
U.S. District Court, E.D. New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Seoul Semiconductor Co., Ltd., et al. v. Satco Products, Inc.*, 2:19-cv-04951-GRB-SMG

Dear Judge Gold:

In their April 28, 2020 letter (Dkt. 48) ("Letter"), Plaintiffs Seoul Semiconductor Co., Ltd, and Seoul Viosys Co., Ltd. ("Plaintiffs") seek permission to shield from Defendant Satco Products, Inc.'s ("Satco") CEO, Mr. William Gildin, license agreements covering the same patents being asserted in this case.[1] Those licenses are highly relevant to damages and, for that reason, Mr. Gildin will certainly see them at the latest when they are entered into evidence during trial in this case. Given their relevance, Plaintiffs face a high burden to preclude Mr. Gilden from seeing them. However, Plaintiffs have not, and cannot, meet that burden. Contrary to the suggestion in their letter, Plaintiffs and Satco are *not* competitors. Satco is a distributor of lighting products—it purchases finished lighting products from manufacturers of such products and then re-sells them. On the other hand, Plaintiffs make *components* of lighting products (e.g., LED chips), which components are sold to the manufacturers from which Satco obtains its products, either directly or indirectly. Satco is not involved with the selection of components to be included in the products it sells and, therefore, neither Satco nor Mr. Gildin negotiates—directly or indirectly—with Plaintiffs or their competitors regarding any "license or supply agreements" (as Plaintiffs state in their Letter). This explains why Plaintiffs were not able to articulate *any* harm in their Letter, let alone meet their burden to prove that the disclosure of the licenses would inflict a clearly defined and serious injury. Plaintiffs' request should therefore be denied.[2]

  1.   **Plaintiffs Have Not Met Their Burden**

"The party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (internal quotations omitted). To establish good cause, the moving party must make a "particular and

---

[1] Plaintiffs' letter violates the three-page limit set forth in Local Civil Rule 37.3(c).
[2] Satco does not take the position that Mr. Gildin should receive "all of Plaintiffs' confidential and trade secret information produced during discovery." (Letter at footnote 1.) Therefore, the only issue that needs to be addressed is whether Mr. Gildin can review the licenses. Once that issue is resolved, the parties can discuss and hopefully agree on a joint proposed protective order.

May 18, 2020
Page 2

specific demonstration of fact" that it will be harmed by disclosing information it believes to be confidential. *Havens v. Metropolitan Life Ins. Co. (In re Akron Beacon Journal)*, 1995 U.S. Dist. LEXIS 5183, at *29 (S.D.N.Y. April 20, 1995). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy [the moving party's burden]." *Id.*

Initially, Plaintiffs do not dispute that their licenses are highly relevant to this case. Indeed, those agreements are potentially the most relevant information for calculating alleged damages. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012) ("Actual licenses to the patented technology are highly probative as to what constitutes a reasonable royalty for those patent rights because such actual licenses most clearly reflect the economic value of the patented technology in the marketplace."). Nevertheless, Plaintiffs assert that, because Mr. Gildin is a "competitive decision-maker," he should be prevented from accessing such information. Plaintiffs are mistaken.

First, Mr. Gildin is *not* a "competitive decision-maker." In *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465 (Fed. Cir. 1984), the Federal Circuit defined "competitive decision-making" as "advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a *competitor*." 730 F.2d at 1468 n.3 (emphasis added). And, as discussed above, Plaintiffs and Satco are not competitors. Thus, Mr. Gildin would not be able to use the licensing information obtained through this lawsuit in a manner that could harm Plaintiffs, and the cases on which Plaintiffs rely in their letter are inapplicable.[3] When, as here, the potential disclosure of information is not between direct competitors, the risk of harm is more remote and favors disclosure. *See Sadofsky v. Fiesta Products, LLC*, 2008 WL 11420051, at *2 (E.D.N.Y. Mar. 10, 2008) (denying protective order where parties were not direct competitors); *Rywkin v. New York Blood Ctr.*, 1998 WL 556158, at *5 (S.D.N.Y. Aug. 31, 1998) ("Courts presume that disclosure to a competitor is more harmful than disclosure to a noncompetitor."); *Barnes and Noble, Inc. v. LSI Corp.*, 2012 WL 601806, at *3 (N.D. Cal. Feb. 23, 2012) ("[I]t is difficult to characterize this conduct as 'competitive decisionmaking' when [plaintiff] and Defendants are not competitors in the same market.").

Second, even if the parties were competitors—they are not—Plaintiffs have not met and cannot meet their high burden to show that disclosure of their licenses to Mr. Gildin would cause a specific harm. *See Havens*, 1995 U.S. Dist. LEXIS 5183, at *29. Plaintiffs vaguely assert that Mr. Gildin would "use the information learned from those licenses in negotiations over other licenses and supply agreements" (Letter at 4) and that Satco could "adjust pricing and market strategies." (*Id*. at 2.) But Plaintiffs have failed to provide any evidence to support these claims. For example, Plaintiffs have not identified (a) the information in the licenses which could be used to Plaintiffs' detriment; (b) which "other licenses and supply agreements" Mr. Gildin might negotiate; or (c) what "market strategies" could be adjusted by Satco. The non-specific, theoretical assertions of harm laid out by Plaintiffs are insufficient to meet their burden. *See, e.g., Alarmax Distributors, Inc. v. Honeywell Int'l, Inc.*, 2015 U.S. Dist. LEXIS 179636, at *4-8 (W.D. Pa. Oct.

---

[3] *See, e.g., McAirlaids, Inc. v. Kimberly-Clark Corp.*, 299 F.R.D. 498, 501 (W.D. Va. 2014) ("McAirlaids and Kimberly-Clark are direct competitors. Thus, the potential for abuse and competitive loss in this case is real.").

May 18, 2020
Page 3

28, 2015) (assertions that "[the discovering party] would gain important insight into [the moving party's] long term plans . . . and potentially could use [this] knowledge . . . to injure [the moving party's] future business prospects . . . do not clearly define an injury"); *Sprinturf, Inc. v. Southwest Recreational Indus., Inc.*, 216 F.R.D. 320, 324-25 (E.D. Pa. 2003) (holding generalized conclusions of harm to a non-party failed to demonstrate specific injury necessary to show good cause). Absent a particularized showing of harm, courts have routinely permitted even competitive decision-makers to access an opposing party's agreements and confidential information. *See, e.g.*, *Alarmax*, 2015 U.S. Dist. LEXIS 179636, at *4-8 (permitting the president of a company access to agreements with non-parties); *THK America, Inc. v. Nippon Seiko K.K.*, 141 F.R.D. 461, 462 (N.D. Ill. 1991) (rejecting proposal to prevent disclosure of sensitive information to plaintiff's president); *Gyro-Trac Corp., f/k/a Gyro-Trac (USA), Inc. v. Vermeer Mfg. Co.*, 2012 U.S. Dist. LEXIS 198666, at *2-3 (D.S.C. Aug. 21, 2012) (allowing a company owner access to a competitor's sensitive business information, including marketing and business plans).

Plaintiffs have failed to meet their burden despite their alleged concerns that Mr. Gildin might inadvertently disclose the content of the licenses to third parties. This is because Plaintiffs' supposed concerns—to the extent they are even relevant[4]—are moot given that the parties are not direct competitors. *See Medtronic Sofamor Danek, Inc. v. Michelson*, 2002 WL 33003691, at *4 (W.D. Tenn. Jan. 30, 2002) (Denying request for a protective order despite plaintiff's fear of inadvertent disclosure because plaintiff and defendant were "not directly in competition").

2. **Satco's Need For Access Outweighs Any Potential Harm**

Even if Plaintiffs could establish good cause (which they cannot), the minimal risk and potential harm of inadvertent disclosure do not outweigh the prejudice to Satco if its CEO is denied access to Plaintiffs' licenses. Satco has no legal department, and its CEO's experience in this industry and familiarity with Satco's business make him uniquely qualified to evaluate that information. If he is prevented from doing so, Satco will be prejudiced in preparing its defenses. *See, e.g., Alarmax*, 2015 U.S. Dist. LEXIS 179636, at *11-12 (permitting disclosure where defendant's president is "uniquely qualified to understand the information at issue"); *Merit Industries, Inc. v. Feuer*, 201 F.R.D. 382, 385 (E.D. Pa. 2001) (permitting disclosure of confidential information because "defendants are entitled to participate in the preparation of their own defense").

For the foregoing reasons, Satco respectfully submits that Plaintiffs' request for the entry of a Proposed Protective Order precluding Satco's CEO from receiving Plaintiffs' license agreements should be denied.

---

[4] Plaintiffs cite "as further proof of the high likelihood of inadvertent disclosure" the fact that, in a separate case to which neither Plaintiffs nor Satco are parties, confidential information produced by Plaintiffs was allegedly inadvertently disclosed. Such a fact, even if true, has no relevance to whether Mr. Gildin might inadvertently disclose information contained in Plaintiffs' licenses.

May 18, 2020
Page 4

        Respectfully submitted,

        */s/ Nicholas A. Brown*
        Scott J. Bornstein
        Joshua L. Raskin
        Julie P. Bookbinder
        Elana B. Araj
        GREENBERG TRAURIG, LLP
        200 Park Ave
        New York, NY 10166
        Telephone: (212) 801-9200
        bornsteins@gtlaw.com
        raskinj@gtlaw.com
        bookbinderj@gtlaw.com
        araje@gtlaw.com

        Nicholas A. Brown *(admitted pro hac vice)*
        GREENBERG TRAURIG, LLP
        4 Embarcadero Ctr, Ste. 3000
        San Francisco CA 94111-5983
        Telephone: 415-655-1271
        brownn@gtlaw.com

        Of counsel:
        Robert P. Lynn, Jr.
        Stephen W. Livingston
        LYNN GARTNER DUNNE, LLP
        330 Old Country Road, Suite 103
        Mineola, New York 11501
        Telephone: (516) 742-6200
        rplynn@lgdlaw.com
        swlivingston@lgdlaw.com

        COUNSEL FOR DEFENDANT