

Nicholas A. Brown
Tel 415.655.1271
Fax 415.520.5609
brownn@gtlaw.com

July 8, 2020

**VIA ECF**
Magistrate Judge Steven M. Gold
U.S. District Court, E.D. New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Seoul Semiconductor Co., Ltd., et al. v. Satco Products, Inc.*, 2:19-cv-04951-GRB-SMG

Dear Magistrate Judge Gold:

Defendant Satco Products, Inc. ("Satco") hereby requests an order limiting the number of patent claims asserted by Plaintiffs Seoul Semiconductor Co., Ltd, and Seoul Viosys Co., Ltd. ("Seoul"). Satco conferred with counsel for Seoul regarding this request, and Seoul stated that it opposed the request at this time, but might be willing to reconsider it at some later date.[1]

District courts have authority to limit the number of asserted claims in a patent case in order to manage the case "with economy of time and effort for itself, for counsel, and for litigants."[2] Seoul is currently asserting 96 claims in this case from 11 patents against 88 Satco products. The number of claims currently asserted by Seoul makes this case unwieldy,[3] and not feasible to present to a jury.[4] Further exacerbating the problem is the complexity of the subject matter. The 11 asserted patents involve a broad range of LED-related technology. As listed below, six of the asserted patents relate to various technologies used within LED chips, two asserted patents relate to packages for LED chips, and three asserted patents relate to circuits used with packaged LEDs:

---

[1] Ex. A (July 1, 2020 email from M. Eisenberg, Plaintiffs' counsel).

[2] *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277, 281 (D. Del. 2013); *see also Stamps.com Inc. v. Endicia, Inc.*, 437 Fed. Appx. 897, 902 (Fed. Cir. 2011) (unpublished); *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311-1313 (Fed. Cir. 2011).

[3] *See Masimo*, 918 F. Supp. 2d at 281 ("95 claims are asserted by Masimo … making this litigation unwieldy.")

[4] *See Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, Case No. 04-38 JJF, 2005 U.S. Dist. LEXIS 20788 (D. Del. Sept. 20, 2005) (finding 90 asserted claims covering 49 allegedly infringing products to be "unreasonable.")

Magistrate Judge Steven M. Gold
July 8, 2020
Page 2

    Chip-level patents:
    7,667,225: LED chip with 'carrier trap portions' in quantum wells
    8,716,946: LED chip with delay phosphor, sequenced LED cells, inclined sidewalls
    8,860,331: AC LED chip with multiple cells per chip and 2 different phosphors
    9,343,631: LED chip with two opposite-side Bragg reflectors
    9,627,435: LED chip with multiple LED cells and sidewalls inclined at 20°-80°
    9,716,210: LED chip with superlattice, well/barrier active region, & multi-layer 'spacer layer'

    Package-level patents:
    9,978,919: LED package with asymmetric bended leads
    10,134,967: LED package with undercut leads

    Circuit-level patents:
    7,081,722: LED groups with downstream 'phase' switches
    8,513,899: AC LED driver circuit with 'PTF unit'
    9,807,828: Dimming level detector that can block drive current

    Accordingly, Satco requests an order limiting the number of asserted claims. Specifically, Satco proposes that the Court require Seoul to limit the number of asserted claims to 50 by August 31, which is the deadline for Seoul to file its reply brief regarding claim construction. Satco further proposes that the Court require Seoul to limit the number of asserted claims to 25 within 75 days of the Court issuing a claim construction ruling. This proposal makes sense for several reasons.

    First, it makes sense to limit the number of claims in advance of the claim construction hearing. The parties dispute the proper construction for 25 different claim terms within Seoul's 11 asserted patents. Reducing the number of asserted claims from 96 to 50 in advance of the claim construction hearing may reduce the number of claim construction disputes that the Court needs to resolve. Even if it does not, it will reduce the overall complexity of the case, which will provide "economy of time and effort for itself, for counsel, and for litigants."[5]

    Second, it makes sense to further limit the number of claims after the parties receive the Court's claim construction rulings, and prior to the time when the parties exchange expert reports. Seoul cannot reasonably expect to present more than 25 claims to a jury—even that number seems impractical. Continuing to litigate claims that will never be presented to the jury squanders the resources of both the parties and the court. For example, absent an order requiring Seoul to limit its claims, Satco's expert(s) will be required to analyze both non-infringement and invalidity with respect to claims that are unlikely to be at issue during trial. Accordingly, once Seoul has received the benefit of the Court's claim construction ruling, Seoul should be required to reduce the number of asserted claims to 25.[6]

---

[5] *Masimo*, 918 F. Supp. at 281.

[6] *See e.g. Stamps.com Inc. v. Endicia, Inc.*, 437 Fed. Appx. at 902 (affirming district court's decision to limit the plaintiff to 15 claims from its 8 asserted patents).

Magistrate Judge Steven M. Gold
July 8, 2020
Page 3

Respectfully submitted,

*/s/ Nicholas A. Brown*

Scott J. Bornstein
Joshua L. Raskin
Julie P. Bookbinder
Elana B. Araj
GREENBERG TRAURIG, LLP
200 Park Ave
New York, NY 10166
Telephone: (212) 801-9200
bornsteins@gtlaw.com
raskinj@gtlaw.com
bookbinderj@gtlaw.com
araje@gtlaw.com

Nicholas A. Brown *(admitted pro hac vice)*
GREENBERG TRAURIG, LLP
4 Embarcadero Ctr, Ste. 3000
San Francisco CA 94111-5983
Telephone: 415-655-1271
brownn@gtlaw.com

Of counsel:
Robert P. Lynn, Jr.
Stephen W. Livingston
LYNN GARTNER DUNNE, LLP
330 Old Country Road, Suite 103
Mineola, New York 11501
Telephone: (516) 742-6200
rplynn@lgdlaw.com
swlivingston@lgdlaw.com

COUNSEL FOR DEFENDANT