UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SEOUL SEMICONDUCTOR CO., LTD ET AL., :
                                                    Plaintiffs,        :
                              -v-                                      :               19-CV-4951 (GB)
SATCO PRODUCTS, INC., :               <u>ORDER</u>
                                    Defendant.      :
------------------------------------------------------------------------X

Steven M. Gold, United States Magistrate Judge:

      Plaintiffs in this action allege that defendant has infringed ten of its patents. The parties have submitted claim construction briefs seeking rulings with respect to 21 claim terms that appear in the ten patents. Defendant has sought *Inter Partes* Review ("IPR") of the patents in suit, and the U.S. Patent and Trademark Office ("USPTO") has instituted IPR with respect to six of them. Defendant now moves the Court to "sever and stay the portion of this case involving the patents that are subject to instituted IPRs, pending resolution of those IPRs." Def't Ltr. dated Sept. 30, 2020, at 2, Dkt. 82. Defendant contends that the severance and stay it seeks is sensible for several reasons, including because "the ten patents here are all quite different from each other." *Id.* at 1. Plaintiffs oppose defendant's motion and assert that "the technical disparity is not as wide as Satco suggests. . . there is technical overlap between the instituted patents and non-instituted patents within each category." Pl. Ltr. dated Oct. 9, 2020, at 2, Dkt 86.

      It is not entirely clear to the Court that a higher degree of technical overlap cuts against a severance and stay; to the extent the issues involving the patents being reviewed by the USPTO overlap with those not subject to instituted IPRs, the results of the USPTO's review are likely to bear directly on the issues pending before the Court. In any event, the Court seeks additional submissions from the parties before deciding defendant's application for a severance and stay of those claims involving patents subject to USPTO review. More specifically, the Court asks the parties to address the following questions: (1) How many of the 21 claims in dispute relate solely to the patents with respect to which IPR has been instituted, how many relate solely to those patents not subject to review, and how many relate to both? (2) In the event this Court proceeds to adjudicate claims with respect to which IPR has been instituted, and makes a ruling or enters a judgment that is inconsistent with a decision rendered by the USPTO, what result follows? Does one ruling take precedence over the other? What result follows of the Court makes rulings or enters a judgment that relates to the patents that are *not* subject to IPR but the substance of the ruling or judgment conflicts with the substance of the decisions reached by the USPTO after the IPRs are concluded? How does that affect the parties' respective positions on whether a severance and stay should be granted? The parties will submit responses to the Court's inquiries

by November 16, 2020.  The Court encourages the parties to confer and, if they reach agreement, to make a single joint submission.

      Defendant also seeks a stay of all further proceedings until January 2021, and suggests that at that time the Court and the parties will be better able to decide whether a claim construction hearing may safely proceed in person or whether public health concerns warrant holding the hearing remotely.  Because the parties have indicated they seek to have United States District Judge Brown preside at that hearing, this Court will defer to Judge Brown with respect to scheduling that proceeding, but does stay further proceedings until defendant's pending motion for a severance and stay of plaintiff's claims subject to IPR is decided.

      SO ORDERED.

*Steven M. Gold USMJ*

Steven M. Gold
United States Magistrate Judge

Dated: November 8, 2020
      Brooklyn, New York

U:\Seoul v Satco.docx