FILED
CLERK

11:49 am, May 20, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
Seoul Semiconductor Co.,    .  Docket #CV-19-4951 (GRB)(AYS)
Ltd., et al.,               .
                            .
        Plaintiffs,         .
                            .  United States Courthouse
           vs.              .  Central Islip, NY
                            .  May 13, 2021
Satco Products, Inc.,       .  12:35 p.m.
                            .
        Defendant.          .
............................
```

**TRANSCRIPT OF TELEPHONIC CONFERENCE
BEFORE THE HONORABLE ANNE Y. SHIELDS
UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

| | |
|---|---|
| For The Plaintiffs: | Michael B. Eisenberg, Esq.<br>Steptoe & Johnnson, LLP<br>35th Fl.<br>1114 Ave. Of the Americas<br>New York, NY 10036 |
| | Etai Y. Lahav, Esq.<br>Radulescu, LLP<br>5 Penn Plaza-19th Fl.<br>New York, NY 10001 |
| | Jennifer L. Jonak, Esq.<br>Jonak Law Group, PC<br>85400 Cloverdale Rd.<br>Creswell, OR 94726 |
| For The Defendant: | Nicholas A. Brown, Esq.<br>Greenberg Traurig<br>Ste. 3000<br>4 Embarcadero Center<br>San Francisco, CA 94111 |

Scott J. Bornstein, Esq.
Greenberg Traurig
Metlife Building
200 Park Ave.
New York, NY 10166

Robert P. Lynn, Jr., Esq.
Lynn Gartner Dunne, LLP
330 Old Country Rd.-Ste. 103
Mineola, NY 11501

Audio Operator

Transcribing Firm:     Writer's Cramp, Inc.
                       1027 Betty Lane
                       Ewing, NJ 08628
                       609-588-8043

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

```
 1       (Proceeding in progress)
 2            THE CLERK:  -- CV-4951 Seoul Semiconductor Co.,
 3   Ltd., et al. vs. Satco Products, Incorporated.  Please state
 4   your appearances for the record.
 5            MR. EISENBERG:  This is Michael Eisenberg of Steptoe
 6   & Johnson, LLP on behalf of both Plaintiffs.
 7            MR. LAHAV:  This is Etai Lahav of Radulescu, LLP,
 8   also on behalf of both Plaintiffs.  Good morning -- or good
 9   afternoon, Your Honor.
10            THE COURT:  Good afternoon.
11            MS. JONAK:  This is Jennifer Jonak of Jonak Law
12   Group, PC, also on behalf of Plaintiff.
13            THE COURT:  Good afternoon.
14            MR. BROWN:  This is Nick Brown.
15            MR. LYNN:  This is Robert Lynn, joining again.  I
16   got knocked off somehow.
17            THE COURT:  Okay.  All right.  So we took three
18   appearances for the Plaintiff.  Anybody else for the
19   Plaintiff?
20            MR. EISENBERG:  No, that is everybody from the
21   Plaintiff's side, Your Honor.  Thank you very much.
22            THE COURT:  Thank you.  Who is here for the
23   Defendant?
24            MR. BROWN:  Your Honor, this is Nick Brown of
25   Greenberg Traurig for Defendants.  With me, Scott Bornstein,
```

```
 1   also of Greenberg Traurig, and Bob Lynn of Lynn Gartner Dunn.
 2            THE COURT:  Okay.  And is that it for the
 3   Defendants?
 4            MR. BROWN:  Yes, Your Honor.
 5            THE COURT:  All right.  So can I assume for the
 6   Plaintiffs Mr. Eisenberg will be doing the talking?  Is that
 7   right?
 8            MR. EISENBERG:  I will be doing some of the talking,
 9   Your Honor.  As it relates to scheduling issues, Mr. Lahav, I
10   will hopefully be allowed to have him chime in on those
11   issues.
12            THE COURT:  Okay.  Very good.  I just ask that you
13   just say your name before you start to speak.  Mr. Brown, are
14   you going to do the speaking on behalf of Defendant?
15            MR. BROWN:  Yes, Your Honor.
16            THE COURT:  Okay.  Very good.  All right.  So first
17   of all, I scheduled both of these cases one after the other,
18   but let's talk about the 19-4951 case first.  So I know that
19   that case is scheduled for a Markman hearing.  I also know
20   that everybody had consented to Judge Gold, which obviously
21   made him retire from the bench.  So some people will do
22   anything to avoid work.  But you know, that's Judge Gold.  So
23   he's gone.
24       It's Judge Brown's case.  I believe the rule is that once
25   you consent to a magistrate, you get a magistrate to -- the
```

1  only way you can get Judge Gold is if you mediate privately
2  with him at (indiscern.).  So as far as I'm concerned, you're
3  here.  You're with me for the Markman hearing.  I also know
4  that the Defendant wanted to stay that so that they could move
5  for summary judgment.  So the summary judgment motion would go
6  to Judge Brown, and you'd have to do your -- I believe he
7  requires the pre-motion letter.  But really, it's Judge
8  Brown's call as to whether or not the Markman hearing will be
9  stayed.  I'll be guided by him, but what I'm going to do as
10 far as I'm concerned is I'm going to go forward and schedule
11 that Markman hearing.
12       If when you talk to Judge Brown about summary judgment
13 and he wants to overrule that, that's his call.  We'll put the
14 brakes on it.  But as far as I'm concerned, what I'd like to
15 do is go forward and schedule that.  And what I'd like to know
16 is what that hearing is going to look like.  So I guess let me
17 ask the Plaintiff, Mr. Eisenberg, I guess, or whoever your
18 colleagues are, what's your reaction to what I've said?
19           MR. EISENBERG:  I understand your position on the
20 rule and our consent.  And just historically, when Judge Gold
21 retired, he asked us what he would like -- what he thinks
22 should happen, and he asked us whether we would want to send
23 the case back to the district court judge.  And at that time,
24 we submitted a letter saying yes, we would like to.  If Your
25 Honor is of the position that that's done and his request for

1  us to give guidance on that doesn't matter, we are happy to go
2  forward with Your Honor.
3      As far as the structure of the hearing, I don't think the
4  parties have run to ground whether either side intends to call
5  experts to provide testimony.  I think from Plaintiff's
6  perspective, I don't think it's necessary, but if Defendant
7  wants to bring live testimony, Plaintiff would obviously want
8  to do the same as to what an expert believes the plain and
9  ordinary meaning of these terms mean in view of the
10 specification.  That's the ordinary course.  I don't think
11 it's something I would need to extend over multiple days.  It
12 should be a relatively brief hearing.  There are only a few
13 issues in the four patents that have not been stayed that the
14 Court would need to resolve.  And I would think that, you
15 know, a half day of Your Honor's time, if that was available,
16 would be sufficient for the parties to do a brief tutorial on
17 the background of the technology.  And then, likely go back
18 and forth on the individual claim terms and dispute at this
19 time.
20         THE COURT:  All right.  Let me hear from Defense
21 counsel.
22         MR. BROWN:  Your Honor, I think Mr. Eisenberg may be
23 underestimating the complexity of the technology involved.  I
24 think my view is that it is likely to be helpful to the Court
25 to at least have experts present to answer questions if the

 1  Court has them, sort of at a minimum.  Because just in
 2  general, I think the technology involved in this case, and the
 3  four patents where there are claim construction issues that
 4  will be the subject of the hearing is -- I think the
 5  technology is fairly complex.
 6      So I can give you a little introduction to it if you'd
 7  like, but I'm also willing to just leave it at that.  So I
 8  think it would be preferable to reserve either two half days
 9  or a day, just to be on the safe side.  I think, ultimately,
10  when we get down to it and we understand what we're talking
11  about and why it matters, the issues are fairly
12  straightforward, as Mr. Eisenberg said, but I think getting to
13  that point may take longer than he may anticipate.
14          THE COURT:  Well, look, just from looking at the
15  complaint, I would probably -- I would agree with you that it
16  would be helpful, certainly, to have experts.  I can give you
17  a full day easily.  That's not a problem.  I'm assuming that
18  everybody would be -- your experts would be testifying
19  remotely, but if they don't want to, I've been going into the
20  courthouse.  I will be in the courtroom.  Lawyers can be in
21  the courtroom if they wish.  If you're coming in from far
22  away, you don't want to do that, that's fine.  And I will say
23  this, if you want me to confirm whatever the rule is with
24  respect to consenting to a magistrate judge, I can very
25  informally ask Judge Brown what he thinks about it and tell

him the particulars of this case, and I'll ask him, Defendant, and I will not be annoyed in any way, had you agreed, because the Plaintiff said you -- when Judge Gold retired, and you spoke about it, and you thought, "Well, if we could go to Judge Brown, if the rules allow it, that's what your first choice would have been."  Just yes or no.

        MR. BROWN:  Your Honor, I believe that was a joint request by both of us at that time, yes.

        THE COURT:  All right.  Okay.  All right.  I can check that out for you, but let's assume, for the purposes of this discussion, that it's before me.  And if it is before me, I think the experts would be helpful.  I would be in the courtroom.  And I can tell you, if it's before Judge Brown, Judge Brown goes to the courthouse as well.  Would you -- have you discussed coming into the courthouse, or doing it remotely, or have you not gotten that far?

        MR. EISENBERG:  Your Honor, this is Mr. Eisenberg again.  It is not something we discussed.  I'm in New York and fully vaccinated, so I am glad to come in person.  And I personally find it easier to speak with you, and judge your judging personally.  It's just a much easier way to do it.  But I understand that at least some of the lawyers for the Defendant are not local, and therefore, if it is their preference -- I believe it was originally their preference to do it in person anyway.  That's my recollection.  And if

    1    they're able to travel, I think that is the better course.
    2              THE COURT:  All right, good.  Because I know Judge
    3    Brown -- whether you go before me or Judge Brown, it's the
    4    same building.  And we're both two of the judges who come in
    5    regularly.  So I think he'd be happy to have it in person too.
    6    So you can talk about that.
    7         I can actually give you, if you want to do this sooner
    8    rather than later, I've looked at my calendar.  I can give you
    9    a date to talk about, and I can give you some dates that I
   10    cannot do.  So we can certainly do a full day.  I have open --
   11    the soonest is June 22nd, and I will tell you two weeks that I
   12    cannot do it, and those are the weeks of June 28th or July
   13    19th.  Those two weeks I cannot do.  I can do June 22nd, if
   14    you wanted to go forward that soon, I could do that.  But
   15    other than that, what I would love to do is take time, talk to
   16    each other about it, and then, you know, I'll have you file a
   17    status letter, say, in a week, telling me, you know -- what
   18    you -- you know, how -- I'm assuming we're one expert to a
   19    side -- what it looks like in terms of in person or not and
   20    your date.
   21        But I'll let you all talk about that, because going
   22    forward, I feel like your calendars might be more complicated
   23    than mine, except for those two weeks where I can't do it.
   24        So the other thing that I would ask for if it's before me
   25    is hard courtesy copies of all the papers that you filed in

```
 1   connection with the hearing.  So I would need that, and I
 2   would guess Judge Brown would need that as well.  So if you
 3   can get that together and scan those to my chambers, that
 4   would be fine.  Any other questions from -- I'm sorry.  Do you
 5   have any questions?  Who was speaking?
 6             MR. EISENBERG:  Sorry.  This was Mr. Eisenberg
 7   again.  I was just saying that as far as getting the hard
 8   copies, that is no issue at all.  And if you'd like them all
 9   in one set, we can probably coordinate with Defendants, just
10   so things are as simple for you as possible.
11             THE COURT:  Yes.  Binders preferred to Velobound.
12   There's an easy one for you, so --
13             MR. EISENBERG:  Okay.
14             THE COURT:  Okay.  Other than that --
15             MR. BROWN:  Your Honor, this is --
16             THE COURT:  Yes.  Go ahead.
17             MR. BROWN:  I'm sorry.  I didn't mean to interrupt.
18   I do have a question.  I didn't get the second week that you
19   were not available.  I got June 28th, and there was another
20   week that I didn't --
21             THE COURT:  The other week is July 19th.
22             MR. BROWN:  Thank you.
23             THE COURT:  Okay.  All right.  Do we have anything
24   else to talk about in this case?
25             MR. EISENBERG:  This is Mr. Eisenberg again, and I
```

```
 1   don't think there's anything else to discuss, at least nothing
 2   that the parties have previously discussed that I'm aware of.
 3            THE COURT:  You know what?  There was something I
 4   meant to bring up, which I forgot to.  I was looking at the
 5   docket in this case, and I think it's -- it's either Docket
 6   #71 or 72, it looks like there are some outstanding motions to
 7   amend.  Was that a motion to amend an answer, a counterclaim,
 8   and was that ruled on and it just appears outstanding when I
 9   look at the docket.  So let me ask defense counsel about that.
10            MR. BROWN:  Your Honor, I believe that is stayed,
11   because it is related to one of the stayed patents.
12            THE COURT:  Okay.  Okay.  Well, that answers it.  So
13   what I can do is, just so it's not on the docket, I can
14   probably close it out with leave to reopen when the stayed
15   patents come into play.  Does that make sense, Mr. Brown?
16            MR. BROWN:  Yes, Your Honor.  That's fine.
17            THE COURT:  All right.  I'll just do that.  That's
18   just a matter of cleaning up the docket.  So I will take care
19   of that.  Okay.  Other than that, I think we can wrap up the
20   4951 case, right?
21            MR. EISENBERG:  Agreed, Your Honor.  Again, this is
22   Mr. Eisenberg.
23            THE COURT:  Okay.  All right.  So what I'm going to
24   have -- my deputy is just going to call -- while the recording
25   is going, she's going to call the second case so that there's
```

1  a separate transcript for that case.  So (indiscern.), if you
2  could just call the second case.
3           THE CLERK:  Okay.
4       (Court adjourned)
5

6                    CERTIFICATION
7  I certify that the foregoing is a correct transcript from the
8  electronic sound recording of the proceedings in the above-
9  entitled matter.
10
11
12  *Lewis Parham*                              5/20/21
13
14  _____        _____
15  Signature of Transcriber                 Date