FILED
CLERK

1:50 pm, Jun 03, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1   SEOUL SEMICONDUCTOR CO., LTD. et al,

2                                    Plaintiffs,   Case #2:19-cv-04951-GRB-AYS
                                                   United States Courthouse
3                        v.                        Central Islip, New York
                                                   June 2, 2021
    SATCO PRODUCTS, INC.,                          10:34 a.m. - 10:46 a.m.
4
                                     Defendant.

5            CIVIL CAUSE FOR TELEPHONE CONFERENCE
             BEFORE THE HONORABLE GARY R. BROWN
6                UNITED STATES DISTRICT JUDGE

7                  - A P P E A R A N C E S -

     For the Plaintiff:          MICHAEL B EISENBERG, ESQ.
8                                Steptoe & Johnson LLP
                                 1114 Avenue of the Americas, 35th Floor
9                                New York, New York 10036
                                 (212) 506-3931; (212) 506-3950 fax
10                               meisenberg@steptoe.com

11   For the Plaintiff:          ETAI YAACOV LAHAV, ESQ.
                                 Radulescu LLP
12                               5 Penn Plaza, 19th Floor
                                 New York, New York 10001
13                               (646) 502-5957
                                 etai@radip.com
14

15   For the Defendant:          NICHOLAS A. BROWN, ESQ.
                                 Greenberg Traurig, LLP
16                               4 Embarcadero Center, Suite 3000
                                 San Francisco, California 94111
17                               (415) 655-1300
                                 brownn@gtlaw.com
18

19   For the Defendant:          KATHARINE SMITH SANTOS, ESQ.
                                 Lynn Gartner Dunne, LLP
20                               330 Old Country Road, Suite 103
                                 Mineola, New York 11501
21                               (516) 742-6200; (516) 742-5294 fax
                                 ksantos@lgdlaw.com
22

     Transcriber:                AA EXPRESS TRANSCRIPTS
23                               195 Willoughby Avenue, Suite 1514
                                 Brooklyn, New York, 11205
24                               (888) 456-9716
                                 aaexpress@court-transcripts.net
25

             (Proceedings recorded by electronic sound recording)

1          COURTROOM DEPUTY:  Calling civil 2019-04951, **Seoul**

2    **Semiconductor Co., Ltd. v. Satco Products, Inc.**  Counsel, please

3    state your appearance for the record.

4          MR. EISENBERG:  This is Michael Eisenberg, of Steptoe

5    & Johnson LLP, on behalf of the plaintiff.  With me as well is

6    Etai Lahav of Radulescu LLP, also, on behalf of the plaintiffs.

7          THE COURT:  All right.  Good morning.

8          MR. EISENBERG:  Good morning, Your Honor.

9          MR. BROWN:  Good morning.  Your Honor, this is Nick

10   Brown, Greenberg Traurig, for Satco.

11         THE COURT:  Okay.

12         MR. BROWN:  I'm not sure if there's anyone else on the

13   line for me.  I think so, Your Honor.  I think.

14         MS. SANTOS:  Yes.  This is Katharine Santos, of Lynn

15   Gartner Dunne, also for Satco Products, Inc.

16         THE COURT:  All right.  I thought your colleague was

17   going to get his star turn in the spotlight, but no!  He will

18   share the spotlight.  That's good.  Okay, good.  Anyone else

19   this morning?

20         (No response.)

21         THE COURT:  Okay.  I'm not hearing anyone else.  Who

22   would like to take the lead?

23         MR. EISENBERG:  Your Honor, I would be glad to.  This

24   is Michael Eisenberg, again.  I guess I just recap how we got to

25   be here today on a call.

1      THE COURT:  Yes.

2      MR. EISENBERG:  When we last spoke, the discussion

3  was, how we would proceed with the Markman process from this

4  point on.  And we did communicate with the defendant's counsel.

5  It is plaintiff's preference, if possible, to proceed before

6  Your Honor.  I think there are a number of reasons, and I don't

7  want to get into a debate on why we think you would be the ideal

8  person for us in this instance, but that is where we ended up.

9  And we were hoping to discuss with you on the call today how we

10  would schedule that, understanding that Your Honor has timing

11  constraints in the upcoming couple of months.

12      THE COURT:  Yes.  Absolutely.  No, reason to explain.

13  You have your right to seek out the government official that

14  you're entitled to see.  But like going to the DMV, there may

15  just be a long line.  So, let's see what we can do about that.

16  What is the expected timing on Markman here?  Remind me, please.

17  There are a couple going on.  What do we say in terms of how

18  much time I need to block out for the hearing?

19      MR. EISENBERG:  So, there were a couple of different

20  viewpoints on that.  And I guess I will go through what the

21  parties discussed the last time from my recollection.  We would

22  like to have a tutorial.  The ask was at that time from

23  defendant's counsel, could the tutorial be done a bit ahead of

24  time of the Markman hearing?  Either the prior day or possibly

25  before that.  And there was some discussion of whether that part

1  of it could be done remotely or in person.

2         So, that was one issue.  And then the hearing itself,

3  plaintiffs believe that that could be definitely done within a

4  single day.  Most likely, less than a day.  I think the issues,

5  there are fewer than the 25 that were joint briefed, and most of

6  them are actually pretty simple grammatical issues.  Not

7  particularly complicated.  I understand that defendant's counsel

8  has a slightly different viewpoint, but that's where we are at

9  this point.  It's a short tutorial to help the court prepare and

10  answer questions if necessary, and a hearing of a day or less.

11         THE COURT:  Okay.  So, you think two days will take

12  care of everything, yes?

13         MR. EISENBERG:  I do think so, Your Honor.

14         THE COURT:  Okay.  Well, let me go to your adversaries

15  and see what they have to say.

16         MR. BROWN:  Your Honor, I agree that two days will

17  take care of everything, absolutely.  I think, frankly, you

18  could probably get it done with a day and a half, a half day for

19  the tutorial and a day for the claim construction hearing.

20         THE COURT:  Okay.  And if you'd like to explain some

21  of the differences?  I mean, your adversary said something about

22  having to apply grammar, right?  Which actually I'm better at

23  that than I am say, with LED light bulbs or whatever else we're

24  going to talk about.  But what else do you see subject matter

25  wise coming up?

1          MR. BROWN:  So, Your Honor, I agree that in claim

2    construction grammar is always a part of it.  But I also

3    believe, as you suggested, that the LED technology does matter

4    because you have to apply the grammar in the context of the LED

5    technology.  And frankly, my view is the grammar doesn't answer

6    all the questions that you need to answer.  So, I think you're

7    going to need to have some understanding of the LED technology

8    to address the claim construction questions.

9          THE COURT:  All right.  Now, I got this house, but I

10   recently moved into a new home, so I have installed quite a few

11   LED light bulbs.  But I don't think that's really where you're

12   going, I'm going to guess.

13         MR. BROWN:  I think that's right, Your Honor.  This is

14   Nick Brown again.  I think in this case, the technology is on a

15   lower level than the light bulb level.  It's more about how the

16   LEDs that are inside the light bulbs are manufactured.  And in

17   some cases, how they're connected together electrically.  So,

18   it's a little bit of a lower level than the light bulb level.

19         THE COURT:  Yeah, I'm guessing my ability to screw

20   something in is probably not going to help that much.  But

21   anyway, I'm glad to hear it.  All right.  Good.  Let's do this.

22   Karen, can you tell me when you might have two days in a row

23   free.  And I'm going to say to counsel, I'm going to opt to do

24   this in person, at least have the lawyers here.  In other words,

25   if you want to have an expert on the phone because they can't

1   fly in from wherever, I get it.  But we just had a totally

2   virtual proceeding yesterday that was so riddled with problems

3   that I'd rather have you here if it's important.  So, Karen,

4   when are there two days clear that we can set this down for?

5           LAW CLERK:  July 19 and July 20.

6           THE COURT:  July 19 and 20?  Okay.  Counsel, does that

7   work for everyone?

8           MR. EISENBERG:  Your Honor, I am sorry to report, and

9   this is Michael Eisenberg again, as you're aware, the backlog of

10  cases is starting to start up for trial.  And I have a trial in

11  LA that starts the 13th, and it's likely to go to the 21st or

12  22nd.

13          THE COURT:  Okay.  When are you fully clear of that?

14  When are we sure that will be done?

15          MR. EISENBERG:  The following week, actually.  After

16  that, I will be back in New York.  And probably tired, but ready

17  to go.  And this is obviously very important.  For the court's

18  purposes, I also have a trial starting September 21 also in

19  California.

20          THE COURT:  Wait, wait, wait.  You blanked out a

21  little bit.  We lost you for a second when you said the date.

22  What was the date of the second trial?

23          MR. EISENBERG:  September 21 in LA.

24          THE COURT:  All right.  Karen, what else do we have?

25          LAW CLERK:  Monday, July 26.

1          THE COURT:  Monday, July 26.  Counsel?

2          MR. BROWN:  Your Honor, this is Nick -- go ahead,

3     Mike.

4          MR. EISENBERG:  I was going to say, I can make that

5     work.  But, Mr. Brown, you may have a different view on that, so

6     please go ahead.

7          MR. BROWN:  So, that week the expert, who's testimony

8     we intend to present at the claim construction hearing, is in

9     Europe the week of July 26.

10          THE COURT:  Wow.  I can say that I haven't discussed a

11     hearing in Europe.  I don't think I'm allowed.  Okay.  Let's

12     try, Karen.  I know August is going to be a little hit and miss.

13     Do you have anything open there?

14          LAW CLERK:  You want to try September 7?

15          THE COURT:  Oh, you had a trial starting September 1,

16     yeah?

17          MR. EISENBERG:  Yes.  Yes.  That's me, Your Honor, Mr.

18     Eisenberg, and I do.  And that's cutting it a little close.

19          THE COURT:  Okay.  So, will you be done mid-September?

20          MR. EISENBERG:  No, no.  Late September, it starts the

21     21st, and it's going to be one week trial out in California.

22          THE COURT:  Okay.  Well, the good news is, the further

23     we get away, the more openings I do have.  Karen, how does

24     October look for a few days?  And counsel, I'm going to say this

25     with the following caveat, we're trying fill things in as much

1    as possible, but the wild card is, the criminal cases, as I

2    explained, come first, and they're a bit undependable in the

3    sense that, people plead out, people don't go forward, things

4    change.  For example, the first date didn't survive, or isn't

5    available because at the last minute I had to sever some cases

6    in the criminal case, making a July 5 trial shorter.  So, it

7    could move around a little bit.  But Karen, what do we look like

8    in October?

9              LAW CLERK:  October 6?

10             THE COURT:  October 6?  That's early.  Anything?  Is

11   that good for everybody?

12             MR. EISENBERG:  I believe that should be fine for me,

13   Your Honor.  This is again Michael Eisenberg.

14             MR. BROWN:  Your Honor, I believe that's fine for

15   Satco as well.  I'll be candid, I didn't get dates that far out

16   from my expert, but it's far enough out that it should be fine.

17             THE COURT:  Okay.  Good.  All right.  So, let's set it

18   then.  October 6 and 7, we will do the hearing, then turn to the

19   knotty issue of writing the opinion you want me to write

20   afterwards with as much speed as we can bring to it.  We'll do

21   the best we can.  All right?  Good.  So, what else do we have

22   for today, if anything?

23             MR. EISENBERG:  This is Mr. Eisenberg again.  I am

24   unaware of anything that we need to discuss on this call.  Let

25   me just briefly turn the mike to my colleague, Mr. Lahav, and

1   see if he is aware of anything.

2           MR. LAHAV:  I am not, Your Honor.

3           THE COURT:  Okay.  Good.  Mr. Brown?

4           MR. BROWN:  Nothing further from us, Your Honor.

5           THE COURT:  All right.  Well, then, in that case, have

6   a nice summer everyone, have good trials, and stay well, and I

7   will see you all in October.  All right?

8           MR. EISENBERG:  Thank you so much, Your Honor.

9           THE COURT:  All right.  We are adjourned.  Thank you.

10                      - o0o -

11                   CERTIFICATION

12          I, Rochelle V. Grant, approved transcriber, certify

13  that the foregoing is a correct transcript from the official

14  electronic sound recording of the proceedings in this matter,

15  Case 19-cv-04951 on 6/1/21.

16                                      *Rochelle V. Grant*

17                                      June 3, 2021

18

19

20

21

22

23

24

25